IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS SAUNDERS,** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **SUPT. TENNIS, ET AL.** | : | |
| | : | **NO. 06-3420** |

MEMORANDUM AND ORDER

PRRATTER, DISTRICT JUDGE                                                                       MAY 17, 2007

On August 2, 2006, Louis Saunders filed a petition in this Court seeking release from state custody pursuant to Federal Rule of Civil Procedure 60(b).[1] Petitioner claimed that prison conditions prevented him from properly pursuing his previous habeas corpus petition, docketed at 03-CV-5411.[2] In a Memorandum and Order dated December 15, 2006, the Court denied Mr. Saunders's Rule 60(b) petition, holding that relief based on Rule 60(b) was not appropriate on the basis of claims involving prison conditions (Docket No. 2).

Shortly thereafter, Mr. Saunders filed a motion for reconsideration of the Court's December 15, 2006 Order (Docket No. 3). However, the Court did not rule on that motion

---

[1] In his papers, Mr. Saunders advances an argument only with respect to Rule 60(b)(6), which states:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 536 (2005).

[2] Our late colleague, District Judge Clarence C. Newcomer, denied Mr. Saunders's previous habeas petition because it was time-barred and the doctrine of equitable tolling did not apply. See Saunders v. Tennis, No. 03-5411, 2004 U.S. Dist. LEXIS 13033 (E.D. Pa. July 7, 2004), adopted by, No. 03-5411, Order (E.D. Pa. Aug. 6, 2004). Mr. Saunders appealed Judge Newcomer's ruling and, by Order dated March 16, 2005, the Court of Appeals for the Third Circuit denied Mr. Saunders's request for a certificate of appealability.

because ten days after it was filed Mr. Saunders filed a notice of appeal in the Third Circuit Court of Appeals, thereby divesting this Court of jurisdiction to address his claims. The Court of Appeals subsequently remanded this matter, and directed the Court to either issue a certificate of appealability or state reasons why a certificate of appealability should not issue.

An appellate court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has rejected the petitioner's claims on procedural grounds, the petitioner must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, (2000); Michael v. Horn, 459 F.3d 411, 418 (3d Cir. 2006).

Mr. Saunders has made no such showing. Mr. Saunders's motion essentially amounts to a request to reconsider Judge Newcomer's denial of the previous habeas petition. He argues that Judge Newcomer erred by not considering his constitutional claims. However, as explained above, Judge Newcomer did not consider those claims because the Court found that the claims presented in Mr. Saunders's previous habeas petition were time-barred and that equitable tolling did not apply.[3]

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies a one-year statute of limitations for all petitions for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). In finding that Mr. Saunders's habeas petition was time barred, the Court noted that the statute of limitations for filing his federal habeas petition began to run on December 18, 1997, and expired (absent any tolling) on December 18, 1998. Saunders, 2004 U.S. Dist. LEXIS 13033, at *11. In January 1999, after this deadline had passed, Mr. Saunders filed a motion in state court to restore his direct appeal rights nunc pro tunc. However, because Mr. Saunders took no action within one year of the date his conviction became final, this motion did not toll the federal statute of limitations. See 28 U.S.C. § 2244(d)(2). Consequently, the Court found that Mr. Saunders's

Mr. Saunders's Rule 60(b) motion presents no sound reason to disturb Judge Newcomer's judgment. While Mr. Saunders disputes the Court's judgment, the arguments he advances fall far short of "a substantial showing of the denial of a constitutional right." Indeed, Mr. Saunders does not designate what "constitutional right" has been denied, other than to claim that his due process rights under the Fourteenth Amendment have been violated by the refusal of the courts – both state and federal – to consider the merits of his claims. In that regard, he merely tries to resuscitate various arguments that he presented in support of his previous petition, all of which have been rejected.

Mr. Saunders has not shown any "extraordinary circumstances" that would warrant reopening this matter pursuant to Rule 60(b)(6). Gonzalez, 545 U.S. at 536. His lack of reasonable diligence in initiating his original habeas petition prompted its dismissal in the first place, and the same lack of diligence frustrates any potential argument that "extraordinary circumstances" are present here. See id. at 537 (noting that the petitioner's lack of reasonable diligence is an appropriate consideration in determining whether "extraordinary circumstances" exist for Rule 60(b) purposes).

---

petition, which was filed in September 2003, was time barred. Saunders, 2004 U.S. Dist. LEXIS 13033, at *12. Further, the Court held that equitable tolling did not apply. Id. at 16-17. The Court noted that, although Mr. Saunders claimed that attorney errors prevented him from filing for certain post-conviction relief in the state courts, he made no showing that he was somehow unable to file a petition for habeas relief in federal court within the AEDPA time frame in order to preserve his rights. Id.

Because the Court does not find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," there is no probable cause to issue a certificate of appealability in this case.  <u>Slack</u>, 529 U.S. at 484; <u>Michael</u>, 459 F.3d at 418.

<u>S/Gene E.K. Pratter</u>
Gene E.K. Pratter
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS SAUNDERS, | : | CIVIL ACTION |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| SUPT. TENNIS, ET AL. | : | |
| | : | NO. 06-3420 |

**O R D E R**

**AND NOW**, this 17th day of May, 2007, upon consideration of Petitioner's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) (Docket No. 1), it is **ORDERED** that:

1. There is no probable cause to issue a certificate of appealability;

2. Petitioner's Motion for Reconsideration (Docket No. 3) is **DENIED** for lack of subject matter jurisdiction; and

3. The Clerk of the Court shall mark this matter as **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge